**Sean T. HADDON, Plaintiff,**

v.

**Gary J. WALTERS, Chief Usher, The Executive Residence, Defendant.**

**Civ. A. No. 93–1254.**

United States District Court,
District of Columbia.

Feb. 17, 1994.

Rodney Ray Sweetland, III, Washington, DC, for plaintiff.

Margaret Susan Hewing, Anne Marie Gulyassy, U.S. Dept. of Justice, Civ. Div., Washington, DC, for defendant.

*ORDER*

SPORKIN, District Judge.

This matter comes before the Court on Plaintiff Sean Haddon's "Motion for Relief from Order". Mr. Haddon is a Chef in the White House. He alleges that he was fired from his position in violation of the civil rights laws. By order of September 17, 1993, this Court dismissed the complaint, holding that the Court did not have jurisdiction over a civil rights dispute between the White House and an employee of the executive residence. 836 F.Supp. 1. The order of dismissal is currently on appeal.

Mr. Haddon seeks relief from the September 17, 1993 order under Fed.R.Civ.P. 60(b). Since the issuance of that order, Mr. Haddon's counsel as well as Mr. Haddon and his family have conducted extensive research in the Presidential libraries of Presidents Nixon, Ford, and Carter. This research yielded evidence showing that President Carter, after receiving extensive advice from his legal and political advisors, made a discretionary decision to make the White House subject to the 1972 amendments to the Civil Rights Act of 1964 (42 U.S.C. Section 2000e–16, *inter alia*).

Plaintiff and his counsel should be commended for their creative and diligent legal research on this topic. This said, the Court does not believe that this new evidence, while relevant, is adequate to merit relief from the prior order of dismissal. A policy decision of a prior administration, without more, cannot bind a later administration.

Upon consideration of Plaintiff's Motion for Relief and all the evidence relevant thereto, Defendant's opposition, and having heard argument by the parties, it is hereby

ORDERED that Plaintiff's Motion be denied; and it is further;

ORDERED that the papers and exhibits submitted for this motion be made part of the record in this case.